UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-21158-Civ-SCOLA

UNITED STATES OF AMERICA,

vs.

JOEL STEINGER,

    Defendant.

_____/

### Order Following Evidentiary Hearing On Steinger's Medical Condition

    On December 19, 2013, the Court held a hearing regarding Joel Steinger's medical situation. The following order details the history of this case, revealing Steinger's pattern of delay.

    In December 2011, as this case was gearing up for trial, Steinger's attorney, Edward Shohat, moved for leave to withdraw as counsel of record. Steinger consented to the request, explaining that "he has a business to run and there's expenses . . . I don't want to honestly send the man's firm down into the court of bankruptcy because I think too highly of the individual." (Hr'g Tr. 14, Jan. 13, 2012.) Following that withdrawal, in January 2012, a highly competent attorney was appointed to represent Steinger under the Criminal Justice Act. Since a new attorney was just entering the case and required time to investigate and prepare a defense, the trial was rescheduled to begin in January 2013.

    Several months later, in June 2012, Steinger filed a *pro se* motion, railing against Shohat and making claims that were completely inconsistent with his statements to the Court at the January 13, 2012 hearing. Steinger asked the Court to vacate its order permitting Shohat to withdraw. Steinger also notified the Court that in any event, he was unhappy with his newly appointed attorney. By September 2012, Steinger notified the Court that he wanted a new lawyer. His lawyer explained that the attorney-client relationship steadily deteriorated since Steinger's first request for new counsel. While noting that an indigent criminal defendant does not have a right to have a particular lawyer represent him, nor to demand a different appointed lawyer except for good cause, the Court ultimately deferred again to Steinger's request for a new attorney, appointing Steven Haguel.

    In December 2012, Steinger suggested to the Court that he might not be competent to stand trial due to his chronic pain and the strong pain

medication he has been prescribed. The Court ordered a competency evaluation, and once again the trial was postponed. The evaluations ultimately revealed that Steinger is both physically able and mentally competent to stand trial.

Finally, in September 2013, the Government's case against Steinger was ready to go to trial. Prospective jurors had been summoned, special accommodations had been secured for Steinger (*e.g.*, hospital bed, oxygen tank), and all parties were present. On the eve of trial, the Court learned, for the first time, that the Bureau of Prisons had arranged for Steinger to be evaluated for surgery at the University of Miami Medical Center. Steinger had been asking for this surgery for months, but had previously refused the surgery at Larkin Hospital because he lacked faith in the medical team there. After Steinger's desperate and pathetic pleas, the Court severed Steinger from the trial to allow him to undergo the surgery for which he had been pleading. The Court then went forward with the trial of the codefendant, which lasted three months.

Despite his pleas and promises, Steinger twice refused the surgery at the University of Miami Medical Center. The medical team at the UM Medical Center noted that he had been manipulative about his decision to have surgery. The head doctor noted that Steinger's condition will only worsen with the passage of time.

On April 2, 2014, Steinger will reach the end of the line. His trial will proceed forward on that day. The Court will make reasonable accommodations for Steinger's physical condition, despite the fact that his condition is of his own choosing, having refused surgery on at least three occasions. If Steinger's pain becomes too much for him to continue with trial, and he chooses to retire to the comfort of his hospital setting, the Court will provide him with a closed-circuit audiovisual feed of the courtroom and continuous telephonic contact with his attorney. But in this event, the trial will proceed since Steinger will have voluntarily absented himself in light of his repeated refusals to undergo a surgery that would have significantly alleviated his pain. *See United States v. Edwards*, 303 F.3d 606, 624-29 (5th Cir. 2002).

**Done and ordered**, in chambers, on December 30, 2013.

Robert N. Scola, Jr.
**United States District Judge**