UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-21158-CR-SCOLA
Case No. 12-20123-CR-ROSENBAUM

UNITED STATES OF AMERICA

vs.

JOEL STEINGER, a/k/a Joel Steiner

_____/

## PLEA AGREEMENT

The United States of America and Joel Steinger, a/k/a Joel Steiner, (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to count 1 of the Indictment in Case No. 08-21158-CR-SCOLA, which count charges the defendant with conspiracy to commit mail and wire fraud in violation of Title 18, United States Code, Section 1349.

2. The defendant agrees to plead guilty to Count 1 of the indictment in Case No. 12-20123-CR-ROSENBAUM, which count charges the defendant with conspiracy to commit mail fraud and wire fraud in violation of Title 18, United States Code, Section 1349.

3. In Case No. 21158-CR-SCOLA, the United States agrees to seek dismissal of counts 2-25 of the Indictment, as to this defendant, after sentencing.

4. In Case No. 12-20123-CR-ROSENBAUM, the United States agrees to seek dismissal of counts 2-7 of the Indictment, as to this defendant, after sentencing

5. The defendant is aware that in Case No. 08-21158 and Case No. 12-20123, the sentence will be imposed by the court in each case after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after a guilty plea has been entered in each case. The defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that

2

the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for each offense identified in paragraphs 1 and 2, and that the defendant may not withdraw his plea in either case solely as a result of the sentence imposed.

6. The defendant also understands and acknowledges that:

(a) as to Count 1 of the Indictment in Case No. 08-21158 and as to Count 1 in Case No. 12-20123, the court may impose a statutory maximum term of imprisonment of up to 20 years for each count, followed by a term of supervised release of up to three years for each count. In addition to a term of imprisonment and supervised release, the court may impose, in each case, a fine of up to $250,000, or not more than the greater of twice the gross gain or gross loss resulting from the offense set forth in paragraphs 1 and 2 above, and the court shall also order restitution.

(b) as to Count 1 in Case No. 12-20123, committed while the defendant was released on bond, under Title 18, United States Code, Section 3147, the court must also impose a statutory maximum term of imprisonment of up to 10 years, which must be consecutive to any other term of imprisonment.

(c) in Case No. 08-21158 and in Case No. 12-20123, the defendant agrees to the entry of an order pursuant to Title 18, United States Code, Section 3663A and 3664 requiring him to make restitution for

3

the offenses charged in count 1 of each case to any victims of those offenses in an amount to be determined at a later time.

7. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 6 of this agreement, a special assessment in the amount of $200 ($100 per count) will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

8. The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

9. The United States agrees that it will recommend at sentencing that the court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. The United States will not be required

4

to make this recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

10. The United States and the defendant agree that, although not binding on the probation office or the court, they will jointly recommend that the court make the following findings and conclusions as to the sentence to be imposed:

   a. <u>Base offense level</u>: That the base offense level in Case No. 08-21158 is 7. The base offense level in case No. 12-20123 is 7.

   b. <u>Loss amount</u>: That the loss for purposes of sentencing guideline calculations for Count 1 in Case No. 08-21158 is more than $800,000,000. The loss amount for Case No. 12-20123 in Case No. 12-20123 is more than $2.5 million but not more than $7 million.

   c. <u>Number of victims</u>: That the offense charged in Count 1 of Case No. 08-21158 involved more than 250 victims pursuant to U.S.S.G. §2B1.1(b)(2)(A).

5

d. <u>Sophisticated means</u>: That the offense charged in Count 1 of Case No. 08-21158 involved sophisticated means and a substantial part of it was committed from outside of the United States, and the offense committed in Count 1 of Case No. 12-20123 involved sophisticated means, all pursuant to U.S.S.G. § 2B1.1(b)(10)(C).

e. <u>Financial security</u>: That the offense charged in Count 1 of Case No. 08-21158 substantially endangered the solvency or financial security of 100 or more victims, pursuant to U.S.S.G. § 2B1.1(b)(15)(B).

f. <u>Offense committed while released on bond</u>: That in Case No. 12-20123, the offense charged in Count 1 of that case was committed while the defendant was on release, pursuant to U.S.S.G. §3C1.3.

g. <u>Role in the Offense</u>: That in Case No. 08-21158-CR-SCOLA the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, pursuant to U.S.S.G. § 3B1.1(a).

11. The defendant further understands and acknowledges that, in Case No. 08-21158, in addition to any sentence imposed under paragraphs 6 and 7 of this agreement, forfeiture is mandatory and shall be imposed as part of any sentence. The defendant agrees to the entry of a forfeiture money judgment in the amount of $15,000,000 which is the amount of property that constitutes or is derived from proceeds traceable to the violation of Title 18, United States Code,

6

Section 1349, to which the defendant has agreed to plead guilty.

The defendant agrees that the United States may take collection action, under the law, to collect on the forfeiture money judgment or any other monetary judgment imposed by the Court and agrees to assist the United States in collecting the forfeiture money judgment, such assistance to include truthful testimony, especially to the extent that the assets sought to satisfy the forfeiture judgment are liened by, and/or are in the names of corporations or other entities or individuals. The defendant knowingly and voluntarily waives any right to a jury trial or any other adversarial proceeding regarding the assets that will be used to satisfy the forfeiture money judgment or any other monetary judgment imposed by the Court. The defendant waives any notification about forfeiture proceedings, whether administrative or judicial. The defendant further waives any statute of limitations with respect to the commencement of such forfeiture proceedings, whether administrative or judicial. The defendant also waives any defenses to the forfeiture, including any claim of excessive fine or penalty under the Eighth Amendment. The defendant also agrees to waive any appeal of the forfeiture. The defendant further acknowledges that the property forfeited cannot, either in whole or in part, be used to satisfy any obligation the defendant may have for any federal, state or local taxes, interest

and/or other penalties which may now exist or which may come into existence.

12. The defendant further understands and acknowledges that, in Case No. 12-20123, in addition to any sentence imposed under paragraphs 6 and 7 of this agreement, forfeiture is mandatory. The defendant and the United States agree that no assets have been identified as being subject to direct forfeiture. Furthermore, the defendant and the United States agree that a forfeiture money judgment will not be pursued in Case No. 12-20123.

13. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive with respect to either Case No. 08-21158 or Case No. 12-20123, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 5 above, that the defendant may not withdraw his plea in either Case No. 08-21158 or Case No. 12-20123

based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

14. The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in Case No. 08-21158 and Case No. 12-20123. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. This waiver applies to any appeal of the defendant's conviction and sentence in Case No. 08-21158 and Case No. 12-20123. The defendant further understands that in each of these cases, nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights in the case where the United States appeals, if any.

By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorneys.

16. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

Date: 3/28/2014

Date: 3/28/2014

Date: 3/29/14

Date: 3/29/14

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By: _____
KAREN ROCHLIN
ASSISTANT U.S. ATTORNEY

By: _____
JERROB DUFFY
DWAYNE WILLIAMS
ASSISTANT U.S. ATTORNEYS

_____
STEVEN HAGUEL, ESQ.
ATTORNEY FOR DEFENDANT STEINGER

_____
JOEL STEINGER
DEFENDANT