UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-21158-CR-SCOLA

UNITED STATES OF AMERICA

        Plaintiff,

vs.

JOEL STEINGER,

        Defendant.
_____/

## JOEL STEINGER'S SENTENCING MEMORANDUM

THE DEFENDANT, JOEL STEINGER, by and through undersigned counsel hereby files his Sentencing Memorandum.

## MR. STEINGER'S PHYSICAL CONDITION

§ 5H1.4 of the United States Sentencing Guidelines states that "Physical Condition … may be relevant in determining whether departure is warranted, if the condition … is present to an unusual degree and distinguishes the case from typical cases covered by the guidelines.  An extraordinary physical impairment may be reason to depart downward; e.g. in the case of a seriously infirmed defendant, home detention may be as efficient as, and less costly than imprisonment."

This Court is intimately familiar with Mr. Steinger's physical ailments.  His physical condition is outlined in the Pre-Sentence Investigation Report at paragraphs 127 – 136.  Mr. Steinger's degenerative spinal condition and the associated partial paralyses predate the Indictment in this case.  For the past 27 months Mr. Steinger has been housed at Larkin Community Hospital due to the inability of FDC to treat his numerous and serious  medical problems.  This hospital stay included a trip to FMC Butner where Mr. Steinger remained for

approximately 2 months.

## PRISON TIME SERVED IN MEDICAL FACILITIES

Mr. Steinger was transferred from FDC to Larkin Hospital on May 14, 2012. Since that day, Mr. Steinger has spent the past 27 months in custody but housed in medical facilities. He has spent the bulk of this time in Larkin Community Hospital. Approximately two months were spent in FMC Butner and approximately 12 days were spent at University of Miami Hospital. While housed in Larkin Community Hospital, Mr. Steinger is kept in a solitary hospital room by himself. His only human contact is with two armed prison guards and the occasional hospital staff. He is prohibited contact with other inmates. He has no way to contact family or friends in the outside world. Unlike inmates at FDC, Mr. Steinger is prohibited from having visitors other than legal visits. Similarly, unlike inmates at FDC Mr. Steinger is denied the use of the telephone, the mails or emails to communicate with the outside world, either outgoing or incoming. With the exception of a 15 minute physical therapy session when the therapists are available, he remains chained to his bed 24 hours a day 7 days a week. For a short period of time, apparently at the direction of FDC security officers, Mr. Steinger was "short chained" in a position where both hands were handcuffed in front of his chest and he was unable to move them to the left or right. This situation ended only upon the intervention of Mr. Steinger's doctors. These conditions should be taken into consideration by the Court when deciding the length and the nature of Mr. Steinger's sentence.

## MR. STEINGER'S COOPERATION WITH FEDERAL AUTHORITIES

Prior to his Indictment in the instant case, Mr. Steinger began cooperating with Federal Authorities concerning the illegal activities of a prominent Florida lobbyist. Mr. Steinger's considerable efforts resulted in the Indictment and conviction of this lobbyist as well as another

state politician. This investigation was also on track to involve some of the highest political figures in the State of Florida. In spite of Mr. Steinger's considerable efforts in this matter, the investigation was derailed due to factors outside of his control. Further details regarding Mr. Steinger's work in this matter will be made available to the Court at the time of sentencing.

**MR. STEINGER'S RESPONSIBILITY TO HIS MINOR SON**

Although § 5H1.6 of the United States Sentencing Guidelines states in part that "family ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted", Mr. Steinger would like the Court to be aware of the situation regarding his 13 year old son. Mr. Steinger has not seen or heard from his son in the more than 2 years that he has been in custody. Mr. Steinger is not even sure if his son is living with his mother or with his grandmother. Mr. Steinger is deeply concerned about the wellbeing of his son while he is in the sole custody of his ex-wife. However, as long as Mr. Steinger is in custody and is being housed in a medical facility where he has no ability to communicate with the outside world he is unable to participate in the raising of his 13 year old son.

Based on the foregoing reasons, Mr. Steinger respectfully request this Court sentence him to a below-the-guidelines sentence that is sufficient, but not greater than necessary to meet the goals set forth in Title 18 § 3553(a) of the United States Code.

    Respectfully submitted,

    LAW OFFICE OF STEVEN HAGUEL
    *Attorney for Defendant Joel Steinger*
    One Datran, Suite 400
    9100 South Dadeland Boulevard
    Miami, Florida 33156
    P. (305) 256-1000
    F. (305) 670-1925
    Email: Steven@HaguelLaw.com

By: _____*/s/ Steven H. Haguel*_____
STEVEN H. HAGUEL, ESQ.
Florida Bar No.: 237884

## CERTIFICATE OF SERVICE

**I HEREBY** certify that on August <u>25</u>, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

_____*/s/ Steven . Haguel*_____