United States District Court
for the
Southern District of Florida

| United States of America, | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | Criminal Case No. 08-21158-CR-Scola |
|  | ) | |
| Joel Steinger, | ) | |
| Defendant. | ) | |

## Order on Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)

On March 18, 2020, Defendant Joel Steinger filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF Nos. 1223-24.) Steinger requests that he be released from prison early in light of his declining health and the COVID-19 pandemic. Having considered the motion, the Government's response, Steinger's reply, the record, and the relevant legal authority, as well as the 18 U.S.C. § 3553 factors, the Court **denies** Steinger's motion (**ECF Nos. 1223-1224**).

There are various circumstances where a Court should release inmates from prison, and this Court has not hesitated to do so where appropriate. *See United States v. Kahn*, Case No. 11-cr-20331 (S.D. Fla. Oct. 11, 2019) (Scola, J.)*; United States v. Oreste*, Case No. 14-cr-20349 (S.D. Fla. Apr. 6, 2020) (Scola, J.). But this is not one of those cases. *See also United States v. Esformes*, Case No. 16-cr-20549 (S.D. Fla. Apr. 9, 2020) (Scola, J.). On August 29, 2014, the Court sentenced Steinger to 20 years in prison following his convictions arising from fraudulent healthcare schemes. (Mot., ECF No. 1224 at 2-3.) Steinger's request, if granted, would result in a 12-year reduction of his sentence, which the Court finds to be inappropriate given the severity of his offenses.

Under the relevant Sentencing Guidelines Policy Statement, the Court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that . . . extraordinary and compelling reasons warrant a reduction." § 1B1.13. The Court must also find that the defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.* at policy stmt. Based on this framework, in order to release Steinger at this time, the Court must find extraordinary and compelling reasons warrant his release, that he is not a danger to the community, and consider the factors in 18 U.S.C.

§ 3553(a). Recently, and specifically in connection with the COVID-19 pandemic, Attorney General William Barr emphasized the importance of protecting the public from individuals who may pose a danger to society and he echoed the need for careful, individualized determinations on the appropriateness of releasing any given inmate and does not encourage a mass release of all qualifying inmates. (Memorandum from the Attorney General (Apr. 3, 2020).)

As Steinger notes, the Office of the General Counsel for the Federal Bureau of Prisons concluded that Steinger meets the criteria for a reduction in sentence and that his request should nevertheless be denied because his "release at this time would minimize the severity of his [mail and wire fraud] offenses." (ECF No. 1224 at 2.) The Government also opposes Steinger's release, pointing to the serious harms that Steinger committed in the case at bar and the separate harms that he caused while he was last released on bond. (ECF No. 1228.) The Government also argues that Steinger's "plan for release is not viable or safe, and is likely to endanger the defendant or harm others." (*Id.* at 1.)

The Court agrees with the BOP General Counsel's position that Steinger's release at this time would minimize the severity of his offenses. The Court also agrees with the Government that Steinger's release at this time would conflict with the 18 U.S.C. § 3553(a) factors. At the time of sentencing, the nature and circumstances of the offense and the history and characteristics of the offender, *see* § 3553(a)(1), coupled with the need to ensure adequate punishment, deterrence, and community protection, *see id.* at (a)(2)(A-C), and to avoid unwarranted disparity, *see id.* at (a)(6), warranted a sentence of 20 years of imprisonment. As an initial matter, Steinger has served only approximately eight years of his sentence. The Court notes that Steinger's advisory sentencing guidelines called for a sentence of incarceration of 50 years. **The Court varied below the guidelines by 30 years, in large part based on Steinger's then-declining health.** Steinger has hardly served 40% of his sentence for an $800 million fraudulent scheme that harmed more than 30,000 victims. Steinger now seeks what would effectively result in a 42-year variance from the sentence called for by the sentencing guidelines. Even duly crediting Steinger's serious health issues, which the Court treats as fairly presented in the detailed motion, the severity of his offenses counsels the Court against releasing him after serving so little of his sentence.

The Court also is not assured that Steinger is not a danger to the community. Steinger plainly is not the kind of inmate Attorney General Barr contemplated when warning about the over-burdening of the police force "with the indiscriminate release of thousands of prisoners onto the streets." (Mem. at 3.) However, in 2012, at age 63, Steinger was charged with a new and unrelated fraud scheme committed while he was on bond in the case at bar, and he was

on bond in part due to his then-existing health conditions. (ECF No. 1228 at 2.) The Defendant was also sentenced in 1980 in connection with a separate fraudulent scheme. (*Id.*) Steinger has offended time and again, even while on bond, and his health issues do not neutralize the danger he poses to the public.

The Court also notes that Steinger's plan for release is not viable. Even if the Court were to credit Steinger's grievances with his current medical treatment, Steinger has failed to persuade the Court that he would fare any better under his proposal to be released to live in a home in Staten Island, New York. The Court acknowledges that efforts have been taken to make that home handicap accessible in consultation with the U.S. Probation Office for the Eastern District of New York. (ECF No. 1230 at 2.) However, New York City has become the global epicenter of the COVID-19 pandemic. Putting aside the aforementioned reasons justifying denial of the motion, Steinger's travel and relocation from a medical facility to a home in New York City does not appear to be the proper response to the present extraordinary circumstances.

For the reasons set forth above, and in consideration of the statutory factors, the Court **denies** Steinger's motion to reduce his sentence (**ECF Nos. 1223-24**).

**Done and ordered** at Miami, Florida, on April 14, 2020.

_____
Robert N. Scola, Jr.
United States District Judge